Catron, Ch. J.
delivered the opinion of the court.
Mitchell and Banks were partners in trade, and Banks and Houston were also partners in another firm. The grm 0£ an(j Banks executed to Houston and Banks their negotiable bill single, for one hundred and eighty-two dollars. Houston and Banks sued Mitchell on the note, who pleaded in bar, that Banks was one of the obligors, as well as obligee and plaintiff; the plea was' demurred to, and the demurrer overruled ' in the courts below.
Where there are several obligees, they are' deemed in law as one person, and must jointly sue as plaintiffs. This suit is the same, therefore, as if Banks had sued alone, and had Houston died this must have been the fact. So at common law, joint obligors held the same relation, and could not be sued separately; they were jointly bound to the obligees, and bound to each other. 1 Chitty. Pl. 28.
For the salce of the remedy, the common law, as tb obligees and defendants, has been altered, and by our statutes of 1789, ch. 57, and 1813, ch. 67, they may be said to be sued as on a joint and several obligation; still the contract is equally joint as between themselves, as it was before the passage of the statutes, and if one joint obligor be sued and judgment recovered against him, he may immediately on motion have judgment over- against his co-obligor for half the debt.
In England, where an obligor or maker of a note or bill, is also an obligee or payee, no suit at law can be maintained, and the reason given is, not that obligors must be jointly sued, but because one cannot contract with himself; and the plea to such action is not in abatement, but in bar. Manwaring and others vs. Newman, 2 Bos. and Pul. 120. In substance and effect the contract continues with us the same, as it was at the common law, and were this suit allowed to proceed, we would have two actions at law, and then to do justice amongst the parties, the *113 samo proceeding in equity would be necessary to' enforce , the contract in its true sense, as in the first .instance, Suits at law being useless and vexatious in such cases, and not calculated to execute tire contract, cannot be maintained. From the face of the paper, Mitchell and Banks would be ordered in equity to pay one moiety each to Houston and Banks; then the latter would divide the amount, and Banks retain his half of the money. The effect would be, that Mitchell would have paid Houston one half of the debt. But these persons being partners in trade, constituting different firms, and having bound themselves.jn this capacity, a decree applying partnership effects would be required, and is a strong reason for sending the parties to equity.
Judgment affirmed.